UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VITO PAUL CITO, III**

    Petitioner,

v.                                                                                                           Case No. 8:17-cv-2752-T-36TGW

**SECRETARY, Department of Corrections,**

    Respondent.
_____/

## O R D E R

This cause comes before the Court on Vito Paul Cito's amended petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 8) Cito challenges his state convictions for aggravated assault and discharging a firearm within 1000 feet of a person. Respondent concedes the amended petition's timeliness. Cito also moves for a "telephonic/video hearing." (Doc. 54) Upon consideration of the amended petition (Doc. 8), the response (Doc. 22), the reply (Doc. 38), and the motion (Doc. 54), and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, both the petition and the motion will be **DENIED**.

### Facts[1]

Lance Tubbs and his mother went to Cito's home where they got into an argument with Cito over a disparaging remark Cito made about Tubbs's mother. The argument started inside the residence and continued out in the front yard. Cito and a friend got into Cito's Jeep and sped away from the scene. As Cito drove away Tubbs chased after the Jeep on foot. Cito pointed a gun out

---

[1] This factual summary derives from Cito's brief on direct appeal and the record. (Respondent's Exhibits 4, 5, and 13)

of the Jeep's window and fired multiple shots. Tubbs did not have a weapon and, according to eyewitnesses, could not have chased down Cito in the Jeep given the speed Cito was traveling.

Cito was arrested and charged with aggravated assault and discharge of a firearm within 1000 feet of a person.[2] Cito unsuccessfully asserted a self-defense theory at trial. A jury convicted Cito of both charges and he was sentenced to twenty years imprisonment. The state appellate court affirmed both Cito's convictions and sentences and the denial of his state Rule 3.850 motion.

## Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] Cito was involved in two separate shooting incidents on the same day. An information charged Cito with two counts of attempted first-degree murder and aggravated assault (counts 1–3) resulting from the first shooting and aggravated assault and discharging a firearm within 1000 feet of a person as to victim Lance Tubbs (counts 4–5). Counts 1–3 were severed from counts 4 and 5 and were tried separately. In his federal petition Cito challenges only his convictions on counts 4 and 5.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - - the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 526 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

The state appellate court affirmed the denial of Cito's Rule 3.850 motions. (Respondent's Exhibits 20 and 31) The state appellate court's affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 563 U.S. at 181–82.  Cito bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

### **Standard for Ineffective Assistance of Counsel**

Cito claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice.  *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.");  *Sims*,

155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Cito must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, Cito must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Cito cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are Interested in whether the adversarial process at trial, in fact, worked adequately.

6

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Under 28 U.S.C. § 2254(d) Cito must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 106. *See also Pinholster*, 563 U.S. at 202 (a petitioner must overcome this "'doubly deferential' standard of *Strickland* and [the] AEDPA"), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is 'doubly deferential.'"), *cert. denied*, 134 S. Ct. 191 (2013).

**Ground One**

Cito contends that his trial counsel rendered ineffective assistance by not objecting to an erroneous jury instruction on the justifiable use of force. Cito argues that "[t]he jury was instructed

7

that the State had to prove the defense beyond a reasonable doubt." (Doc. 8 at 6) Cito claims that this alleged error deprived him of his constitutional rights to both a fair trial and the effective assistance of counsel.

The trial judge orally instructed the jury on the justifiable use of force in pertinent part as follows (Respondent's Exhibit 4, trial transcript at 675–78) (emphasis added):

> Justifiable use of deadly force. An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Vito Paul Cito is charged if the actions against Lance Tubbs resulted from the justifiable use of deadly force.
>
> That goes to both charges.
>
> . . . .
>
> If, in your consideration of the issue of self-defense, you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty.
>
> However, if from the evidence you are convinced the defendant was not justified in the use of deadly force, you should find him guilty if all the elements of the charge have been proved.
>
> Instruction on attempt to commit crime. To prove the crime of an attempt to commit burglary, **the State must prove the following two elements beyond a reasonable doubt**:
>
> The defendant[3] did some act toward committing the crime of burglary that went beyond just thinking or talking about it. Two, he would have committed the crime except that someone prevented him from committing the crime of burglary or he failed.
>
> It is not an attempt to commit burglary if the defendant abandoned his attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
>
> Burglary. To prove the crime of burglary, **the State must prove the following three elements beyond a reasonable doubt**: One, the

---

[3] In the written instructions provided to the jury on the individual elements of both attempt and burglary, the word "defendant" is erroneously replaced with "[the victim] Lance Tubbs." (Respondent's Exhibit 5)

8

>   defendant entered a conveyance owned by or in the possession of a victim.
>
>   Two, at the time of entering the conveyance, the defendant had the intent to commit an offense in that conveyance.
>
>   Three, the defendant was not licensed or invited to enter the conveyance.

In his first Rule 3.850 motion[4] Cito contended that his "trial counsel was ineffective for failing to object to the use of erroneous jury instructions that negated the Defendant's only defense, self-defense with justifiable use of force." (Respondent's Exhibit 18, first Rule 3.850 motion at 6) Cito argued that "[t]he erroneous jury instruction combined with the prosecution's final arguments deprived the Defendant of his right to a fair trial and to present a defense" because the jury instructions "required the State to prove 'beyond a reasonable doubt' that the Defendant committed the crimes by Information and that the State prove 'beyond a reasonable doubt' that [the victim] committed either burglary or attempted burglary in order for the Defendant to be justified in using deadly force." (Respondent's Exhibit 18, first Rule 3.850 motion at 11)

The state post-conviction court construed Cito's ground as challenging trial counsel's failure to object to the justifiable use of force instruction itself rather than failing to object to the alleged error within the instruction. The state post-conviction court rejected this ground in Cito's first Rule 3.850 motion as follows (Respondent's Exhibit 18, Order Denying Defendant's Motion for Postconviction Relief at 3–4) (court's record citations omitted):

>   In his motion Defendant alleges that counsel was ineffective for failing to object to the giving of a jury instruction for justifiable use of deadly force. Defendant also alleges that the State's comments during closing argument that the victim posed no danger of death or great bodily harm to the Defendant further undermined his claim of self-defense. In conclusion the Defendant argues:

---

[4] Cito presented this ground to the state post-conviction court again in his second Rule 3.850 motion. (Respondent's Exhibit 29, second Rule 3.850 motion at 20–22) The state post-conviction court dismissed the ground as successive under a state procedural rule.

9

> [T]he instructions submitted and read to the jury required the State to prove "beyond a reasonable doubt" that the defendant committed the crimes charged by information and that the State prove "beyond a reasonable doubt" that [the victim] committed either burglary or attempted burglary . . . in order for the defendant to be justified in using deadly force. The State clearly told the jury during final arguments that "[the victim] was not trying to murder the defendant or attempt[ing] to commit burglary upon [him]."
>
> It appears from Defendant's argument that he is mistaken as to who has the burden of proof on the affirmative defense of self-defense. Contrary to the Defendant's assertion, it is not the State's burden to prove beyond a reasonable doubt that the victim in this case did anything, let alone establish that the victim was attempting to murder or burglarize the Defendant.
>
> The facts in this case were that: (1) an altercation between the Defendant and the victim; (2) that altercation ended with the victim chasing after the Defendant as he drove off; (3) and the Defendant firing shots at the victim as the Defendant drove away. The Defendant's entitlement to claim self-defense in this case was repeatedly questioned by the State at trial. However, the trial judge permitted the issue to go to the jury with an instruction that was discussed at length during the charge conference. During the charge conference counsel for the Defendant zealously advocated for the inclusion of the self-defense instruction as well as the specific language regarding the victim's attempts to pursue and intent to do the Defendant harm.
>
> Based on the foregoing the Court finds that the Defendant has failed to establish that trial counsel was ineffective. The Court further finds that the record conclusively refutes the Defendant's claim. Trial counsel did his best and was successful in ensuring that the issue of self-defense was presented to the jury.

In the response to the federal petition the Respondent "acknowledges that the jury instructions defining burglary and attempt were incorrect because they were provided in the context of a self-defense claim and therefore should not have stated that the State was required to prove the elements of burglary and attempt beyond a reasonable doubt." (Doc. 22 at 27)   *See*

*Murray v. State*, 937 So. 2d 277, 279–82 (Fla. 4th DCA 2006) (holding that the trial court erred by giving a self-defense instruction that stated that the elements of the felony allegedly committed by the victim must be proved beyond a reasonable doubt); *Adams v.* State, 727 So. 2d 997, 999–1000 (Fla. 2d DCA 1999) (concluding that the defendant's trial counsel rendered ineffective assistance by proposing a jury instruction on self-defense that erroneously stated that the felony the victim allegedly committed must be proven beyond a reasonable doubt). The Respondent further "acknowledges that the state [post-conviction] court misinterpreted Petitioner's argument regarding the self-defense jury instruction when considering Petitioner's first Rule 3.850 motion." (Doc. 22 at 28)

To the extent that the state post-conviction court characterized and rejected Cito's ground as challenging counsel's failure to object to the self-defense instruction, the court's rejection of the ground is neither contrary to, or an unreasonable application of, *Strickland* nor was the ruling based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d)(1), (d)(2). To the extent that Cito properly presented to the state post-conviction court — but that court failed to address — the aspect of Cito's ground that his trial counsel rendered ineffective assistance by not objecting to the burden of proof error within the instruction on both the attempted burglary and burglary, that aspect of the claim is subject to *de novo* review because "the present controversy falls outside of [Section] 2254(d)(1)'s requirement that [the federal court] defer to state court decisions that are not contrary to, or an unreasonable application of, clearly established federal law." *Davis v. Sec'y, Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003) (citation omitted). *See also Cone v. Bell*, 566 U.S. 449, 472 (2009) (explaining that "[i]f the state court did not reach the merits of a petitioner's claim based on some ground that is not adequate to bar federal review, we must review the claim *de novo*."); *Williams*

11

*v. Ala.*, 791 F.3d 1267, 1273 (11th Cir. 2015) (noting that "[u]nder § 2254(d), AEDPA's deferential standard of review is limited to claims that have been 'adjudicated on the merits' in state court.").

Assuming, *arguendo*, both that the instruction was erroneous and that Cito's trial counsel performed deficiently, Cito is not entitled to relief because he fails to show resulting prejudice as *Strickland* requires. Section 776.012, Florida Statutes, provides in pertinent part that a person is justified in using deadly force in self-defense when the person reasonably believes such force is necessary to prevent imminent death or great bodily harm. Based on the evidence adduced at trial, including the testimony of multiple eyewitnesses who testified that (1) Cito got into a vehicle and was driving away from the victim at a high rate of speed when Cito fired the gun and (2) that the victim neither possessed a weapon nor was in close physical proximity to Cito when Cito shot at him (Respondent's Exhibit 4 at 178, 185, 190, 199, 207, 223), even if counsel had objected to the erroneous instruction, no reasonable probability exists that Cito would have succeeded on a self-defense theory such that the outcome of the trial would have been different. Because Cito fails to meet *Strickland's* requirements, his ground of ineffective assistance of counsel warrants no relief. *Strickland*, 466 U.S. at 691–92.

**Ground Two**

Cito contends that his appellate counsel rendered ineffective assistance by not arguing on direct appeal that the erroneous self-defense instruction amounted to fundamental error. Cito presented this ground to the state appellate court in his state habeas petition, which petition the court denied in a one-sentence order without explanation. (Respondent's Exhibits 35 and 36)

The *Strickland* standard of review applies to a claim of ineffective assistance of appellate counsel. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992). To establish such a claim, Cito must show that his appellate counsel performed deficiently and that

the deficient performance resulted in prejudice. To demonstrate deficient performance, Cito must show that appellate counsel's failure to discover a non-frivolous issue and file a merits brief raising the issue fell outside the range of professionally acceptable performance. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). To demonstrate prejudice, Cito must show that a reasonable probability exists that, but for appellate counsel's unreasonable failure to raise this claim, he would have prevailed on direct appeal. *Robbins*, 528 U.S. at 285–86.

The record shows that Cito's trial counsel did not object at the trial to the erroneous instruction, leaving the issue unpreserved for appellate review. Appellate counsel could not have challenged the erroneous instruction on direct appeal absent preservation by trial counsel unless the instruction amounts to "fundamental error." *See State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991) ("Instructions . . . are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred."); *Zack v. State*, 911 So. 2d 1190, 1204 (Fla. 2005) ("Appellate counsel has no obligation to raise an issue that was not preserved for review and is not ineffective for failing to raise an unpreserved issue on appeal."). Fundamental error is "error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Kilgore v. State*, 688 So.2d 895, 898 (Fla. 1996) (alteration and quotation marks omitted). Accordingly, unless the unpreserved jury instruction error that appellate counsel failed to raise is fundamental error, the state appellate court would not have granted relief even if counsel had raised the issue on appeal. *See Rutherford v. Moore*, 774 So. 2d 637, 646 (Fla. 2000) ("Because this issue was not preserved for review, if it had been raised on appeal, it would have warranted reversal only if it constituted fundamental error . . . ."). The Florida Supreme Court has explained that the "doctrine of fundamental error should be applied only in rare cases where a jurisdictional error

appears or where the interests of justice present a compelling demand for its application." *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988).

The state appellate court rejected this ground on ineffective assistance of appellate counsel without explanation. The Respondent correctly argues that "[t]his Court must presume that the state appellate court found that the erroneous jury instructions were not fundamentally erroneous." (Doc. 22 at 36) *Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1299 (11th Cir. 2017), explains:

> [T]he fundamental error question is an issue of state law, and state law is what the state courts say it is. *See Agan*, 119 F.3d at 1549*; Alvord*, 725 F.2d at 1291. As the Supreme Court and this Court have repeatedly acknowledged, it is not a federal court's role to examine the propriety of a state court's determination of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Wainwright v. Goode*, 464 U.S. 78, 84, 104 S. Ct. 378, 382, 78 L.Ed.2d 187 (1983) (stating that the views of state appellate courts with respect to state law "are binding on the federal courts"); *see also Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1303 (11th Cir. 2014) ("[T]he Florida Supreme Court's interpretation of state law . . . is binding on federal courts.").

While this ground of ineffective assistance of appellate counsel is a federal question, Cito's challenge to the jury instruction under Florida law is a state law matter. *See Will v. Sec'y for Dep't of Corr.*, 278 F. App'x 902, 908 (11th Cir. 2008) ("Although an ineffective assistance of counsel claim is a federal constitutional claim, which we consider in light of the clearly established rules of *Strickland*, when 'the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law.'") (citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). The state appellate court in rejecting Cito's ground of ineffective assistance of appellate counsel has answered the question of what would have happened if appellate counsel had challenged the jury instruction on direct appeal — the court would have found that the instruction did not constitute fundamental error and Cito's convictions

14

would have been affirmed under state law.[5] *See Herring*, 397 F.3d at 1354–55; *Callahan*, 427 F.3d at 932. Because the alleged error did not constitute fundamental error, appellate counsel was not deficient for failing to raise it on direct appeal. Accordingly, Cito suffered no prejudice under *Strickland* as a result of appellate counsel's failure to challenge the instruction on direct appeal. Because he fails to meet his burden of proving that the state appellate court either unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim of ineffective assistance of appellate counsel, Cito is not entitled to federal habeas relief on ground two. 28 U.S.C. § 2254(d)(1), (d)(2).

**Ground Three**

Cito contends that "[t]he trial court judge, prosecutor, and trial counsel . . . rigged [his] jury instructions to obtain [an] unlawful conviction in hopes to force [him] to plea to other charges in which [he] was later acquitted." (Doc. 8 at 10) The Respondent correctly argues that this ground is procedurally barred because Cito did not raise the ground as a federal claim in the state court.

Cito asserts that he presented this ground to the state post-conviction court in his second Rule 3.850 motion and in his appeal of the denial of that motion. (Doc. 8 at 11) The record shows that, while Cito alleged in his second Rule 3.850 motion that his trial counsel rendered ineffective assistance by not objecting to the erroneous instruction, he did not allege that the judge, the prosecutor, and his trial counsel "rigged" the jury instructions as he now alleges in the federal petition. (Respondent's Exhibit 29, Rule 3.850 motion at 19–22) Although Cito is correct that he did raise this allegation in his appellate brief challenging the denial of his second Rule 3.850 motion, he did not allege a violation of a federal constitutional right nor did he present the ground

---

[5] Moreover, although the written instructions sent to the jury room with the jury contained the error, the judge's oral instructions read to the jury in open court correctly stated the instruction. (Respondent's Exhibit 4, trial transcript at 675–79 and Exhibit 5)

as an independent basis for relief. Rather, he made his "rigging" allegations in support of the alleged erroneous denial of his claim of ineffective assistance of trial counsel. Accordingly, even assuming, *arguendo*, that Cito's federal petition presents either a federal due process claim or a federal fair trial claim based on the alleged "rigging" by the trial judge, the prosecutor, and trial counsel, such claim is unexhausted and procedurally barred from federal review.

Before a federal court can grant habeas relief, a petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). To exhaust a claim, a petitioner must present the state court with both the particular legal basis for relief and the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement that a petitioner exhaust each available state court remedy as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v.*

16

*Connor*, 404 U.S. 270, 275–76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that an error at the trial created the possibility of prejudice but that the error worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimension. *United States v. Frady*, 456 U.S. 152 (1982). In other words, a petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

Absent a showing of cause and prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495 96 (1986). A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, Cito must show constitutional error coupled with "new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

State procedural rules preclude Cito from returning to state court to present either a federal due process claim or a federal fair trial claim in either a second direct appeal or an untimely collateral motion for post-conviction relief, rendering the claim procedurally defaulted. Cito fails to allege or show cause and prejudice for the default of a federal claim based on the allegedly "illegal preparation" of the self-defense instruction. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because he satisfies neither exception to procedural default, a federal claim based on the allegedly illegal actions by the judge, prosecutor, and trial counsel is procedurally barred from federal review.

Alternatively, a review of the merits shows that Cito is not entitled to relief. He neither presents evidence of "rigging" by either the judge, the prosecutor, or his trial counsel nor presents evidence of a federal constitutional violation. Consequently, Cito fails to state a basis for federal habeas relief.

Accordingly, Cito's amended petition for the writ of habeas corpus (Doc. 8) is **DENIED**. Cito's motion "for telephonic/video hearing" (Doc. 54) is **DENIED**.[6] The clerk is directed to enter a judgment against Cito and **CLOSE** this case.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Cito is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

---

[6] In his motion Cito moves for a hearing on his claim of ineffective assistance of counsel for not objecting to the erroneous jury instruction. For the reasons stated in this order in the discussion of ground one, the claim lacks merit and does not warrant a hearing. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (concluding that no evidentiary hearing is warranted when "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Cito must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Cito is entitled to neither a certificate of appealability nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Cito must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida this 8th day of December 2020.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties, if any